UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIE V. STELLA,

    Plaintiff,

    v.

NORMAN MINETA, Secretary,
Department of Transportation, *et al.,*

    Defendants.

Civil Action No. 97-2550
DAR

## MEMORANDUM OPINION AND ORDER

Defendants' Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment

(Docket No. 123), and Defendants' Motion to Treat Defendants' Motion for Summary Judgment

as Conceded or, in the Alternative, for Rule 41(b) Dismissal (Docket No. 132), are pending for

determination by the undersigned.  Upon consideration of the motions, the memoranda in support

thereof and in opposition thereto and the entire record herein, the undersigned will grant

Defendants' motion for Rule 41(b) dismissal, and deny the remaining motions as moot.

## I.  BACKGROUND

Plaintiff, an employee of the Federal Aviation Administration, brought retaliation claims

under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (1989)

(codified in various sections of Title 5 of the United States Code), and claims of sex

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*  On

May 29, 2002, a panel of the District of Columbia Circuit affirmed the district court's dismissal

Stella v. Mineta, et al.                                                                          2

of Plaintiff's Whistleblower Protection Act claims.  However, the circuit reversed the district

court's grant of summary judgment in favor of Defendants with respect to Plaintiff's Title VII

claims, and remanded the Title VII claims to the district court for further proceedings.  Stella v.

Mineta, 284 F.3d 135, 139 (D.C. Cir. 2002).

Consideration of whether to dismiss an action filed nearly eight years ago for failure to

prosecute may represent an anomoly in this court.  Indeed, a reader may question how a plaintiff

could both have pursued an action for such an extended period, and at the same time, failed to

prosecute it.  The answer to that inquiry is found in a review of the ECF record from the May 23,

2003 remand through the culmination of the briefing of the pending motions on February 11,

2005.

**A.  Opinion of the District of Columbia Circuit**

In the March, 2002 opinion, the District of Columbia Circuit held that a plaintiff in a

discrimination case need not demonstrate that she was replaced by a person outside her protected

class in order to establish a prima facie case in accordance with McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 802 (1973).  Stella, 284 F.3d at 146.  Additionally, the circuit rejected

Defendants' argument that "[Plaintiff] was required to give more details [regarding the open SES

positions for which she applied], including the names of the positions, the selecting officials, the

exact dates, and so on." *Id.* at 146.  However, the circuit held that "[e]ven if more specificity is

required, the District Court should determine in the first instance whether to defer ruling on the

motion for summary judgment until those details can be obtained through discovery that

[Plaintiff] has requested." *Id.* at 147.  The circuit remanded the case "so that the District Court

Stella v. Mineta, et al.                                                                                      3

may determine whether further discovery is called for." *Id.*[1]

### B.  Proceedings Following the Remand

After the remand, the district judge to whom this action was then assigned "reopened [discovery] for the limited purpose of allowing plaintiff to obtain documents relating to the FAA's open SES positions and the employees selected to fill those positions as discussed in the opinion by the United States Court of Appeals for the District of Columbia Circuit." July 1, 2002 Order (Docket No. 100) at 1.  The court further ordered that this limited discovery was to be completed by August 12, 2002.  *Id.*  The parties then consented to proceed before a magistrate judge for all purposes, and this action was referred to the undersigned.  August 6, 2002 Consent**;** August 6, 2002 Referral.

Plaintiff, her counsel and counsel for Defendants appeared before the undersigned for a status hearing on October 3, 2002, after the close of "[the] discovery that [Plaintiff] [had] requested."  *See* Stella, 284 F.3d at 147.  At the October 3, 2002 status hearing, Plaintiff's counsel was unable - - the additional discovery notwithstanding - - to identify the two SES positions for which Plaintiff applied.  Plaintiff's counsel agreed to file a second amended complaint identifying the two SES positions no later than October 11, 2002, and the undersigned so ordered.  October 3, 2002 ECF docket entry.  The undersigned also ordered Defendants to answer or otherwise move with respect to the second amended complaint no later than October 25, 2002.  *Id.*

---

[1]  The circuit observed that "[h]ad the District Court applied the correct legal standard, it may not have granted summary judgment without requiring the FAA to supply the requested data regarding the SES positions that were open during the relevant period and the employees who were chosen to fill those positions.  Alternatively, the court might have determined that no additional details were necessary to establish that [Plaintiff] applied for promotions for which she was qualified and did not receive them."  *Id.*

Stella v. Mineta, et al.                                                                4

Plaintiff neither filed a second amended complaint in accordance with the undersigned's

October 3, 2002 scheduling order, nor moved for an extension of time in which to do so.  On

October 25, 2002, Defendants filed a motion to dismiss or, in the alternative, for summary

judgment.  Defendants' motion was not fully briefed until December 13, 2002[2]

On January 8, 2003 - - one month after Defendant's motion to dismiss or for summary

judgment became ripe, and five months after the close of "[the] discovery that [Plaintiff] [had]

requested" - - Plaintiff filed a motion "to compel Defendants to fully respond to Plaintiff's

Interrogatories and Requests for Documents of July 11, 2002."  Plaintiff's Motion to Compel

(Docket No. 117) at 1.  The undersigned denied Plaintiff's Motion to Compel at a hearing on the

record on January 14, 2003.  January 14, 2003 ECF entry.

**C.  The Undersigned's September 30, 2003 Memorandum Order**

In September, 2003, the undersigned ordered Plaintiff to show cause, by no later than

October 14, 2003, why this action should not be dismissed pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure for failure to comply with the court's October 3, 2002 Order directing

Plaintiff to file a second amended complaint.  September 30, 2003 Memorandum Order (Docket

No. 118) at 4.  In the show cause order, the undersigned observed that "[a] court has the

discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint,

fails to follow the federal rules, or fails to follow court orders."  *Id.* at 4, n.5 (citations omitted).

The undersigned also denied Defendants' then-pending motion to dismiss or for summary

---

[2]  Plaintiff's opposition to Defendants' motion was not "accompanied by a separate concise
statement of genuine issues setting forth all material facts as to which it is contended there exists a
genuine issue necessary to be litigated, which shall include references to the parts of the record relied on
to support the statement."  LCvR 7(h).  Nor did Plaintiff suggest that she "[could not] . . . present by
affidavit facts essential to justify [her] opposition[.]"  *See* FED. R. CIV. P. 56(f).

Stella v. Mineta, et al.                                                                                    5

judgment without prejudice.  *Id.* at 4.

Plaintiff timely filed a response to the show cause order.  In it, Plaintiff, through her

counsel, represented that "[w]ith this submission, Plaintiff files her Second Amended

Complaint."  Response to Court's Order to Show Cause (Docket No. 119) at 1.  However,

Plaintiff did not file a second amended complaint "[w]ith this submission[.]"  Additionally,

Plaintiff failed to address the passage of one year from the date by which she was ordered to file

the second amended complaint.  Rather, Plaintiff stated simply that "she has previously [by

letter] provided the Department of Transportation with the information the Court requested be

included in the amendment to her Complaint and did so by the October 11, 2002, deadline."

Response to Court's Order to Show Cause at 1.[3]

Defendants disputed Plaintiff's contention that she identified the two positions for which

she applied, and maintained that in any event, the letter did not comply with the court's order that

Plaintiff file a second amended complaint by October 11, 2002.  Defendants' Memorandum in

Support of Their Motion (1) for Leave to Respond to Plaintiff's Response to the Court Order to

Show Cause; (2) to Renew Motion to Dismiss or, in the Alternative, for Summary Judgment on

Exhaustion Grounds; and (3) for a Protective Enlargement of Time to Respond to Any Operative

Complaint (Docket No. 120) at 1.

The undersigned discharged the show cause order.  Although Plaintiff did not move for

an extension of time in which to file her second amended complaint, the undersigned allowed her

a third opportunity to do so, and by an order filed on September 16, 2004, ordered Plaintiff to file

---

[3]  While Plaintiff stated that she identified the two positions for which she applied, she also referred to "her continued efforts to obtain the necessary information."  *Id.*

Stella v. Mineta, et al.                                                                 6

her second amended complaint by September 20, 2004.  September 16, 2004 Order (Docket No.

122) at 1.  Plaintiff again failed to do so.

**D.  The Pending Motions**

Defendants filed their renewed motion to dismiss or, in the alternative, for summary

judgment, on October 12, 2004.  On November 4, 2004 - - ten days after her opposition was

due - - Plaintiff moved for an extension of time in which to file the opposition.  As grounds,

Plaintiff's counsel stated that "although counsel for Plaintiff Stella was aware of the October 25,

2004 due date for filing this opposition, this was not possible due to computer problems in the

office of the undersigned."  Plaintiff Stella's Motion to File Opposition to Defendant's Renewed

Motion to Dismiss or, in the Alternative, for Summary Judgment Out of Time (Docket No. 124)

at 1.  In the motion, Plaintiff's counsel represented that "[a] two week extension, to November

15, 2004, would allow Plaintiff Stella's Opposition to be properly prepared and filed for this

Court's consideration."  *Id.* at 2.

On November 9, 2004, Plaintiff filed a motion for leave to file the second amended

complaint which the court, by the September 16, 2004 order, ordered Plaintiff to file by

September 20, 2004.  Plaintiff's Motion for Leave to File a Second Amended Complaint Out of

Time (Docket No. 125) at 1.  Plaintiff's counsel stated that he "was acting on the belief that

Plaintiff's Second Amended Complaint had been filed . . . on October 14, 2003."  *Id.*[4]

Plaintiff filed her opposition to Defendants' renewed motion to dismiss or for summary

judgment on November 16, 2004, one day after the new deadline Plaintiff requested.  The

_____

[4]  Plaintiff's counsel does not attempt to reconcile (1) his belief that the second amended complaint was filed on October 14, 2003, and (2) the court's September 16, 2004 order, which directed that the second amended complaint be filed by September 20, 2004.

Stella v. Mineta, et al.                                                                                            7

undersigned granted an extension of time through November 16, but denied Plaintiff's motion for

leave to file the second amended complaint out of time.  November 23, 2004 Minute Order.

Defendants filed their reply to Plaintiff's opposition on December 6, 2004.

      On January 19, 2005, the undersigned, after preliminary consideration of the parties'

submissions, determined that Plaintiff failed to file a statement of genuine issues in the form

prescribed by Local Civil Rule 7(h).  January 19, 2005 Order (Docket No. 131) at 1.

Accordingly, the undersigned struck Plaintiff's "Opposition to Defendants' Statement of Issues

as to Which There is No Genuine Dispute in Support of Motion for Summary Judgment[,]" and

ordered Plaintiff to file a statement of genuine issues in the form prescribed by Local Civil Rule

7(h) no later than January 26, 2005.  *Id.* at 2.[5]

      However, Plaintiff did not file a statement of genuine issues by January 26, 2005, and on

January 27, Defendants filed the pending motion to treat their motion for summary judgment as

conceded, or for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The

Clerk of the Court determined that Plaintiff's motion for enlargement of time in which to file an

opposition to Defendants' motion was "Entered In Error[.]"  February 7, 2005 ECF entry.  On

February 14, 2005, the undersigned struck the "Statement of Issues" which Plaintiff filed 11 days

after the deadline fixed by the undersigned, and in contravention of the instructions of the Clerk

of the Court.  February 14, 2005 Order (Docket No. 136) at 2.

## II.  DISCUSSION

      This court recently addressed the standards which govern the evaluation of a motion to

---

[5]  The November 16, 2004 submission was the second instance in which Plaintiff filed an opposition which
did not conform to the requirements of LocalCivil Rule 7(h).  *See* n.2, *supra*, and accompanying text.

Stella v. Mineta, et al.                                                                                          8

dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Spiegel v. Leavitt, 224

F.R.D. 17, 19-20 (D.D.C. 2004); *see also* September 30, 2003 Memorandum Order (Docket No.

118) at 4, n.5.  Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part, that

"[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a

defendant may move for dismissal of an action or of any claim against the defendant."  FED. R.

CIV. P. 41(b).  The circuit has held that "[a]s a rule, . . . dismissal is in order only when lesser

sanctions would not serve the interests of justice."  Bristol Petroleum Corp. v. Harris, 901 F.2d

165, 167 (D.C. Cir. 1990) (citation omitted).  Accordingly, "[a] District Court may dismiss under

Rule 41(b) 'only after less dire alternatives have been explored without success.'"  Gardner v.

United States, 211 F.3d 1305, 1380 (D.C. Cir. 2000) (citing Trakas v. Quality Brands, Inc., 759

F.2d 185, 187 (D.C. Cir. 1985)); *see also* O-J-R v. Ashcroft, 216 F.R.D. 150, 151 (D.D.C. 2003).

The District of Columbia Circuit has held that the considerations relevant to the determination of

a Rule 41(b) motion include (1) the effect of a plaintiff's conduct on the court's docket; (2)

whether the defendant has been prejudiced by the plaintiff's conduct, and (3) whether deterrence

"is necessary to protect the integrity of the judicial system."  Bristol Petroleum Corp., 901 F.2d at

167.  The circuit has observed that

>  [t]hese justifications are not easily met.  Prejudice, for instance,
> must be "so severe[] as to make it unfair to require the other party
> to proceed with the case." . . . Similarly, a malfeasant party places a
> severe burden on the judicial system if "the court [is required] to
> expend considerable judicial resources in the future in addition to
> those it has already wasted[.]"

Gardner, 211 F.3d at 1309 (citations omitted).

      Upon consideration of these authorities in the context of the record in this action

Stella v. Mineta, et al.                                                                          9

following the May 23, 2002 remand, the undersigned will exercise the court's discretion to

dismiss this action for failure to prosecute and to comply with the rules and orders of the court.

The record reflects a minimum of six instances of Plaintiff's failure to prosecute her claim, and

of her non-compliance with the rules and orders of the court:

       (1) Plaintiff was granted leave to conduct further discovery, but did not complain

of any insufficiency of Defendants' responses to Plaintiff's discovery requests until five months

after the close of discovery.

       (2) Plaintiff agreed to file a second amended complaint identifying the two SES

positions for which she applied, but failed to do so in the time prescribed by the court's October

3, 2002 order.

       (3) Plaintiff failed to file the second amended complaint in the time prescribed by

the court's September 16, 2004 order.

       (4) Plaintiff failed to comply with Local Civil Rule 7(h) when she filed her

opposition to Defendants' renewed motion to dismiss or for summary judgment on November

16, 2004.[6]

       (5) Plaintiff failed to comply with the court's January 19, 2005 order directing her

to comply with Local Civil Rule 7(h) no later than January 26, 2005.

       (6) Plaintiff failed to move for an extension of time in which to comply with

Local Civil Rule 7(h) in accordance with the court's rules and the instructions of the Clerk of the

Court.

_____

[6] *See* n.2, *supra.*

Stella v. Mineta, et al.                                                        10

These six failures have frustrated the court's efforts to determine Defendants' dispositive

motion and, in the event of a determination adverse to Defendants, schedule the matter for trial.

Consideration of Plaintiff's noncompliance with the court's rules and orders has consumed over

two years of the court's time in an action that has been pending for nearly eight years.  As a

consequence, the court remains unable to evaluate the merits of the parties' respective claims and

defenses.  *Cf.*  Gardner, 211 F.3d at 1309 (a single instance of a plaintiff's counsel's failure to

appear for a hearing "cannot be said to have interfered with the orderly administration of the trial

court's business.").

The undersigned finds that in this circumstance, dismissal pursuant to Rule 41(b) "is

necessary to protect the integrity of the judicial system."  *See* Bristol Petroleum Corp., 901 F.2d

at 167.  Any other alternative would serve only to countenance Plaintiff's repeated violations of

the court's rules and orders.[7]

Additionally, the undersigned finds that Defendants have been prejudiced by Plaintiff's

conduct, and that any course of action other than dismissal would cause further prejudice.

Plaintiff's failure to file a second amended complaint has precluded Defendants from offering

evidence relevant to the two SES positions for which Plaintiff claims to have applied.

Defendants expended resources in order to file the second of the pending motions, the need for

which was occasioned solely by Plaintiff's failure to comply with the court's January 19, 2005

order.  The delay which Plaintiff's conduct has already wrought will, at a minimum, complicate

---

[7]  The only explanations which Plaintiff's counsel offers for these violations are the failure of his computer,
and the failure of the court's CM/ECF electronic case filing system to deliver notice of the court's orders.  The
former explanation does not explain either Plaintiff's prolonged inattention to this action, or her repeated violations
of the court's rules and orders.  With respect to the latter explanation, the District of Columbia Circuit has held that
"[r]egardless whether [counsel] received the e-mail notice, he remained obligated to monitor the court's docket."
Fox v. American Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

Stella v. Mineta, et al.                                                                                    11

Defendants' already difficult task of locating witnesses should this almost eight-year-old action

be scheduled for trial.

Finally, the undersigned finds that additional, lesser sanctions would not serve the

interests of justice.  The record reflects the lesser sanctions which the court has already

attempted, including two additional opportunities to file a second amended complaint, a show

cause order, and one additional opportunity to comply with Local Civil Rule 7(h).  Indeed, the

court expressly advised Plaintiff that dismissal pursuant to Rule 41(b) was being contemplated as

a sanction.  *See* September 30, 2003 Order (Docket No. 118) at 4, n. 5 and accompanying text; *cf.*

Gardner, 211 F.3d at 1309-10 (Rule 41(b) dismissal in the absence of a warning regarding the

consequences of noncompliance with the court's orders may be an abuse of discretion).  Given

the explanation offered by Plaintiff's counsel for the repeated violations of the court's rules and

orders, the court has no reason to anticipate that further opportunities to comply would be

productive.[8]

The undersigned is mindful of the concern of the District of Columbia Circuit "about the

possibility of penalizing an innocent client for her counsel's misconduct[.]"  *See* O-J-R, 216

F.R.D. at 153.  However, in this case, Plaintiff was present at the scheduling conference when

her counsel agreed to file a second amended complaint and the court set a deadline for him to do

so.  In any event, the undersigned finds that "it [can] reasonably be inferred from . . . the drawn-

out history of the litigation, that [Plaintiff] [has] been deliberately proceeding in dilatory

fashion."  Gardner, 211 F.3d at 1308 (citation omitted).  Accordingly, in this action, there exists

no basis for any concern that dismissal of this action pursuant to Rule 41(b) would unfairly

---

[8] *See* n.5, *supra.*

Stella v. Mineta, et al.                                                                                     12

penalize Plaintiff for conduct ostensibly attributable only to her counsel.


### III.  CONCLUSION

For the foregoing reasons, it is, this 28th day of September, 2005,

**ORDERED** that Defendants' Motion for Rule 41(b) Dismissal (Docket No. 132, Part 2)

is **GRANTED**; and it is

**FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, for

Summary Judgment (Docket No. 123), and Defendants' Motion to Treat Defendants' Motion for

Summary Judgment as Conceded (Docket No. 132, Part 1), are **DENIED AS MOOT**.


September 28, 2005                                               **/s/**
_____          _____
                                                                DEBORAH A. ROBINSON
                                                                United States Magistrate Judge

_____